LA SALLE EXTENSION UNIVERSITY, A CORPORATION, PROSECUTOR, v. DAVID A. CAMPBELL, RESPONDENT.

Submitted January 18, 1944—Decided March 29, 1944.

344

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the prosecutor, *Jerome Alper & Alper* (*Jerome Alper,* of counsel).

For the respondent, *Charles Silverman.*

The opinion of the court was delivered by

COLIE, J. *Certiorari* was allowed to review an order of the First Judicial District Court of Essex County, setting aside a judgment theretofore entered against David A. Campbell, a minor.

Prosecutor has unnecessarily encumbered the record by printing the affidavit filed on the application for the writ. Such affidavit loses its efficacy with the allowance of the writ. *Linzmayer* v. *Baird,* 5 *N. J. Mis. R.* 362.

La Salle Extension University brought suit against David A. Campbell and William Campbell to recover the unpaid balance of the tuition fee for an extension course to be taken by David A. Campbell. The specification of defenses filed in answer to a demand therefor set up that the latter "was going to work in a defense industry." The defendants did not appear on the date set for trial and a "no appearance" was entered. Thereafter, the parties to the litigation entered into a stipulation providing that the plaintiff would take no further steps providing the defendants then paid the sum of $20 and $6 each month thereafter until the full amount due, with interest and costs, was paid, and the plaintiff on its behalf agreed to furnish the material and instructions needed for the correspondence course. It was further stipulated that on default in the payments, the plaintiff might enter judgment. The stipulation was signed by the attorneys for the parties and by the defendants. The sum of $38 was paid thereunder when, a default occurring, a judgment was entered for $113.23 and costs upon which discovery proceedings were had, execution issued and a levy made. In this state of affairs, the defendant, David A. Campbell, applied to the

court to reopen the judgment and permit him to enter a defense. The petitioner's affidavit in support of the petition set forth that the agreement was signed when he was 18 years of age; that judgment was entered by default; that no guardian had been appointed for him; that he was born on November 21st, 1922, and therefore was not of age when judgment was entered. On this showing, the District Court Judge entered an order setting aside the judgment and vacating the levy. The affidavit filed by plaintiff on the return of the rule to show cause disclosed that the defendant William Campbell had died.

The reasons urged by appellant for reversal may be summarized as estoppel and lack of jurisdiction in the trial court. The estoppel, it is argued, arises from the stipulation entered into after the case had been marked "no appearance." The contract executed by the defendant, David Campbell, was voidable since he was then a minor. The stipulation also was voidable by the infant if he elected to raise the defense of infancy. Ordinarily, an infant should defend through a guardian *ad litem* and it is to be expected that such guardian will engage counsel on his behalf. It is obvious that the power of an attorney to bind an infant defendant by stipulation or admission cannot be greater than that of a guardian *ad litem* whom the attorney represents. In *Caruso* v. *Caruso,* 101 *N. J. Eq.* 350, it was held that a "guardian *ad litem* cannot, by admissions or stipulations, surrender the rights of an infant * * *. *Kingsbury* v. *Buckner,* 134 *U. S.* 650; 33 *L. Ed.* 1047."

It is next argued that more than thirty days having elapsed between the entry of judgment and the application to set it aside, the trial court lost jurisdiction by reason of *R. S.* 2:32–121 reading:

"An application for a new trial, except for newly discovered evidence, shall be made within thirty days after judgment."

In *Lutler* v. *Neubauer,* 100 *N. J. L.* 17, in considering section 17 of the District Court Act—substantially the same as *R. S.* 2:32–131—the Supreme Court held that a court of general jurisdiction has power to open a judgment after the

expiration of the term where it was entered while the party was suffering from a legal disability unknown to the court. The Court of Errors and Appeals affirmed, 101 *N. J. L.* 222. In the instant case the court below had no knowledge of defendant's infancy until more than thirty days after entry of judgment.

The writ is dismissed, with costs.